# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ST. ANN'S SCHOOL,

                       Petitioner,

            - against -

MICHAEL FISHMAN, PRESIDENT, LOCAL 32BJ,
SERVICE EMPLOYEES INTERNATIONAL UNION,

                     Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Index No.: 108221/07
Purchased: 6/12/07
**NOTICE OF PETITION
TO VACATE AN
ARBITRATION AWARD**

**PLEASE TAKE NOTICE** that, upon the annexed Petition of petitioner St. Ann's School ("Petitioner"), dated June 12, 2007; the Affidavit of Anthony Smith, sworn to June 12, 2007, and the exhibits annexed thereto; the Affirmation of James S. Frank, Esq., dated June 12, 2007, and the exhibits annexed thereto; the accompanying memorandum of law; and all the pleadings and proceedings heretofore had herein, an application will be made in the Motion Support Part Courtroom, to be held in and for the Supreme Court of the State of New York, County of New York, located at the New York County Courthouse, 60 Centre Street, Room 130, New York, New York, on the 26th day of June, 2007, at 9:30 a.m.; or as soon thereafter as counsel can be heard, for a Judgment pursuant to CPLR 7506(d) and 7511(b)(1)(i), (ii) and (iv):

        A.      vacating and setting aside the arbitration award at issue herein on the grounds that the arbitrator, Marilyn M. Levine, engaged in misconduct during the arbitration and in issuing an award; the arbitrator is not impartial as evidenced by her conduct; and Petitioner's counsel was not provided with notice of the arbitration hearing;

        B.      awarding Petitioner its attorneys' fees, costs and disbursements incurred in connection with this proceeding; and

C.    granting Petitioner such other, further and different relief as this Court may deem just and proper.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to CPLR 2214(b), Respondents' Answer and supporting affidavits, if any, are required to be served on the undersigned at least seven (7) days before the return date.

Petitioner designates New York County as the venue for this proceeding pursuant to CPLR 7502(a)(i). The basis of venue is the place of business of respondent Michael Fishman, President, Local 32BJ, Service Employees International Union, 101 Avenue of the Americas, New York, New York 10013, and the place where the arbitration was held.

Dated: New York, New York
       June 12, 2007

                                        EPSTEIN BECKER & GREEN, P.C.

                                        By:  _____
                                             James S. Frank
                                             J. William Cook
                                             *Attorneys for Petitioner*
                                             250 Park Avenue
                                             New York, New York 10177-1211
                                             (212) 351-4500

TO:    Michael Fishman, President
       Local 32BJ, Service Employees International Union
       101 Avenue of the Americas
       New York, New York 10013

       Marilyn M. Levine, Contract Arbitrator
       Office of the Contract Arbitrator
       50 West 23rd Street, 6th Floor
       New York, New York 10010

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ST. ANN'S SCHOOL,

                 Petitioner,

       - against -

MICHAEL FISHMAN, PRESIDENT, LOCAL 32BJ,
SERVICE EMPLOYEES INTERNATIONAL UNION,

              Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

Index No.: _____

**PETITION TO VACATE
ARBITRATION AWARD**

       Petitioner Saint Ann's School ("Petitioner" or the "School") brings this Petition to vacate an arbitration award ("Award") rendered on May 1, 2007. by Arbitrator Marilyn M. Levine of the Office of the Contract Arbitrator (the "OCA"), in favor of respondents Michael Fishman, President, Local 32BJ, Service Employees International Union (collectively, the "Union"). This Petition is brought pursuant to CPLR 7506(d) and 7511(b)(1)(i), (ii) and (iv), for an Order vacating and setting aside the Award on the grounds that Arbitrator Levine engaged in misconduct during the arbitration and in issuing an award (to wit, depriving Petitioner of its statutory unwaivable right to counsel at an arbitration hearing); Arbitrator Levine is not impartial as evidenced by her conduct; and Petitioner's counsel was not provided with notice of the arbitration hearing. Petitioner alleges for its Petition as follows:

### JURISDICTION & VENUE

      1.    This Court has jurisdiction under CPLR 7511 because the parties are located in the State of New York and the arbitration was held in the State of New York.

2.    Venue is proper in this county pursuant to CPLR 7502(a)(i) because the Union maintains its principal place of business at 101 Avenue of the Americas, New York, New York 10013, and the arbitration was held in this county.

## THE PARTIES

3.    Petitioner is a private coeducational school located at 129 Pierrepont Street in Brooklyn, New York 11201.

4.    Respondents maintain an office at 101 Avenue of the Americas, New York, New York 10013. The Union is a labor organization that represents some of the School's maintenance employees.

## FACTUAL BACKGROUND

**The Collective Bargaining Agreement and**
**Union Member Anthony Rodriguez's Dispute with the School**

5.    The School and the Union are parties to a collective bargaining agreement which was entered into on October 12, 2006 ("Agreement"). The Agreement provides for arbitration of disputes arising between the School and the Union. Article V of the Agreement designates the OCA as arbitrator for the resolution of such disputes.

6.    Anthony Rodriguez is a former employee of the School and a member of the Union.

7.    Mr. Rodriguez was employed by the School for approximately three years. While employed by the School, there were several incidents of Mr. Rodriguez engaging in threatening behavior toward other employees, which resulted in his termination on September 29, 2006.

8.    Mr. Rodriguez then filed a grievance with the Union. In early October 2006, Anthony Smith, Director of Buildings and Grounds for the School, met with Union

Business Agent, Gordon Olekanma, to discuss the Union's grievance regarding Mr. Rodriguez's termination. At the meeting, the Union stated that Mr. Rodriguez was willing to cease his inappropriate behavior and conform to all School policies if the School would give him one more chance for continued employment with the School.

9.      Based on the Union's assurances, on November 9, 2006, the School agreed to reinstate Mr. Rodriguez's employment effective Monday, November 13, 2006. Mr. Olekanma, on behalf of Mr. Rodriguez, confirmed that Mr. Rodriguez agreed to comply with the School's rules and regulations, that he would not engage in any insubordinate behavior or conduct detrimental or disruptive to the School environment, and that he would appear for work on November 13, 2006.

10.     On November 13, 2006, Mr. Rodriguez did not appear for work. Mr. Rodriguez did not appear for work on any day that week, and did not contact the School to explain his absence. As a result of his failure to appear for work, the School terminated Mr. Rodriguez's employment on November 21, 2006, and provided him and the Union with notice of the termination.

**The Union Seeks Arbitration on Behalf of Anthony Rodriguez**

11.     On Friday, December 1, 2006, Mr. Olekanma called Mr. Smith to say that Mr. Rodriguez had returned from a trip and wished to return to work. Mr. Smith responded that because Mr. Rodriguez failed to show up for work on November 13, 2006, failed to show up at any other time that week, and failed to contact the School to explain his absence, he was terminated on November 21, 2006. Mr. Smith also advised Mr. Olekanma that Mr. Rodriguez's prior position had been filled when he failed to report to work.

12.    On December 12, 2006, the Union sent a letter to the OCA seeking arbitration of the dispute, and alleging the following complaint:

> [Mr. Rodriguez], employed at [the School's premises] as a porter for three years, claims he was unjustly sent home on September 5, 2006 and was unjustly suspended pending investigation effective September 29, 2006.
>
> We are claiming reinstatement to his prior position with full back pay, benefits, seniority and contributions to the benefit funds lost by his unjust termination.

13.    The Union's letter to the OCA failed to state that Mr. Rodriguez had been terminated, effective November 21, 2006, when he failed to report to work pursuant to an agreement between the Union and the School which provided that he would report to work on November 13, 2006.

**The First Session of the Arbitration, at which the School**
**Appeared with Counsel, and Communications with OCA**
**Concerning the Scheduling of the Completion of the Arbitration**

14.    The OCA scheduled a hearing for January 30, 2007, pursuant to a Notice dated December 20, 2006 issued by the OCA to the School.

15.    On January 30, 2007, the School appeared at the OCA's office with counsel. The School's counsel entered his appearance on behalf of the School. The Union's counsel also appeared; however, Mr. Olekanma failed to appear. The OCA agreed to the Union's request that the hearing be adjourned to March 22, 2007 at 9:30 a.m. Contrary to the statements in the Award, there were no efforts made to resolve the dispute at that time and there was no claim of an emergency by the Union's counsel.

16.    On February 1, 2007, the OCA issued a Notice of hearing for March 22, 2007 at 9:30 a.m. Although the OCA knew that the School was represented by counsel, the OCA did not serve the School's counsel with the February 1, 2007 Notice in accordance with

CPLR 2103(b) and 7506(d).  However, on information and belief, the Union's counsel was served with the February 1, 2007 Notice.

17.    On information and belief, on or about February 21, 2007, the OCA unilaterally issued an "Amended Notice of Adjournment," changing the hearing time on March 22, 2007 from 9:30 a.m. to 1:15 p.m.  The OCA failed to serve the School's counsel with the change, but, on information and belief, did serve the Union's counsel.

18.    The School's counsel first learned of the Amended Notice on March 20, 2007.  He immediately sent a letter by fax to Ms. Dawn E. Cervi, an Administrator in the OCA, objecting to the Amended Notice because it changed the hearing time without prior consultation with the School's counsel.  The School's counsel advised the OCA that he had a scheduling conflict with the new time and requested that the arbitration hearing be rescheduled for a mutually convenient date.

19.    By notice dated March 26, 2007, the hearing was rescheduled by Ms. Cervi of the OCA to April 11, 2007 at 9:30 a.m.  The OCA again failed to serve this notice on the School's counsel, but, on information and belief, did serve the Union's counsel.

20.    Despite knowing that the School was represented by counsel, Ms. Cervi – who on information and belief is a Union employee – failed to even seek a mutually agreeable date from the School's counsel.  On belief, Ms. Cervi picked April 11, 2007 to place the case before Ms. Levine because Ms. Cervi believed Ms. Levine would provide the Union with a favorable award.

21.    On April 9, 2007, the School's witness, Anthony Smith, learned that the hearing had been unilaterally rescheduled to April 11, 2007 at 9:30 a.m. without the knowledge or consent of the School or its counsel.

22.    The School's counsel then called Ms. Cervi to inquire why he had not received notice of the April 11, 2007 hearing.  Ms. Cervi responded that employers' counsel is not entitled to notice, and that the OCA only serves the employer with notices of hearings.

23.    The School's counsel requested a postponement of the hearing because he had a previously scheduled conflict.  Ms. Cervi said that she could not grant a postponement without the Union's consent.

24.    The Union's counsel declined to agree to a postponement, but did agree to participate in a call with an arbitrator.  The parties had a conference call with another arbitrator, at which time the School's counsel explained that he had a conflict on the scheduled day.  That arbitrator said that he could not act on the School's request for a postponement, and that the request could only be heard by Arbitrator Levine at the next hearing.

25.    The School's counsel then immediately wrote to Ms. Cervi, again objecting to the unilateral scheduling of the arbitration and requesting an adjournment of the April 11, 2007 hearing.

26.    By letter dated April 9, 2007, the Union's counsel objected to the School's counsel's request for an adjournment of the April 11, 2007 hearing.  In her letter, the Union's counsel argued that the School had an obligation to notify its counsel of the date of any hearings, and if the School's counsel was unavailable, that was the School's problem.

27.    The Union's counsel's arguments were incorrect as a matter of law because CPLR 7506(d) provides that parties are entitled to counsel in arbitration proceedings, the right to counsel may not be waived, and, if a party is represented by an attorney, papers to be served on the party shall be served upon its attorney.

28.    Due to a pre-existing conflicting professional engagement, the School's counsel was unable to attend the hearing on April 11, 2007. Under the circumstances, and based on the advice of the other OCA arbitrator that an adjournment would have to be requested before Ms. Levine, Mr. Smith appeared, without counsel present, to request the adjournment.

**The Arbitrator's Refusal to Grant the School an**
**Adjournment Even Though the School's Counsel Did Not**
**Receive Notice, Was Not Present And Was Unavailable**

29.    Because the School's counsel could not be present on April 11, the School's witness, Anthony Smith, went to the hearing to ensure that the School would not be "defaulted" and to ensure that the hearing would be adjourned.

30.    At that time, Arbitrator Levine asked Mr. Smith if the School was ready to proceed with the hearing. Mr. Smith answered no. The School's attorney was not present and not available.

31.    Mr. Smith also asserted at that time that notice of the April 11th hearing date had not been sent to the School's counsel and Mr. Smith only recently learned of the hearing date.

32.    The Union objected to the School's request for an adjournment of the hearing, with full knowledge that the School's counsel was not present and that the School's witness did not wish to proceed without counsel present.

33.    In addition to arguing that the School's counsel was not entitled to notice of the hearing, the Union's counsel also argued that the Agreement between the School and the Union does not require the School to have counsel, to which the Arbitrator replied "[but] counsel has appeared on behalf of the School."

34.     Mr. Smith stated that he needed to call the School's counsel.    He attempted to reach counsel, but was unsuccessful.

35.     Mr. Smith explained that he could not reach counsel, and that if the hearing proceeded, the School would be at a disadvantage without counsel present.

36.     Even though Arbitrator Levine was cognizant that counsel had appeared on behalf of the School and rejected the Union's contention that the parties' Agreement somehow dispensed with the necessity of counsel for one of the parties being present, she stated to the School's witness that if he did not go forward with the arbitration, she would enter a default judgment against the School and would find for the Union.

37.     In an opening statement, Mr. Smith reiterated that he did not wish to proceed without the School's counsel, and that he was going forward only because he felt he had no other choice.

38.     The School's witness attempted, unsuccessfully, to present evidence that Mr. Rodriguez's employment had been terminated on November 21, 2006 as a result of his failure to show up for work on November 13, 2006, to appear on any other day that week, and to contact the School concerning his absence.

39.     The School's witness was also unable to cross-examine witnesses, even after they provided untruthful testimony.

40.     By denying the School an adjournment of the hearing and its right to have counsel present its case, Arbitrator Levine wrongfully denied the School its unwaivable statutory right to counsel pursuant to CPLR 7506(d).

**The Arbitration Award**

        41.     Arbitrator Levine issued an Award, dated May 1, 2007, in favor of the Union.

        42.     In the Award, Arbitrator Levine made false statements concerning the School's alleged willingness to proceed without counsel in order to counter any claim that she had prejudiced the School's rights by coercing its witness to put on the School's case without the assistance of counsel.

        43.     At no time did the School's witness say that he was prepared to present the School's case. To the contrary, Mr. Smith stated that he believed he was being forced to proceed with the arbitration, desired to have the School's counsel present, and was proceeding "under duress."

        44.     Arbitrator Levine also falsely stated that "[a]t the hearing, full opportunity was afforded to the parties to present evidence and argument, and to examine and cross-examine witnesses." She also falsely stated that "[a]t the conclusion of the hearing, the parties indicated that they had presented their respective cases in full."

        45.     The School's witness did not state at any time that he had fully presented the School's case.

        46.     The School's witness did not have a full opportunity to present evidence and argument, and to examine and cross-examine witnesses.

        47.     Arbitrator Levine's refusal to adjourn the hearing also impacted her understanding of the underlying dispute. She states in the Award that the School was not adverse to reinstatement. This is not true. Rather, because Mr. Rodriguez failed to show up for

work on November 13, 2006, failed to show up at any other time that week, and failed to contact

the School to explain his absence, he was terminated on November 21, 2006.

**Vacatur Is Required**

      48.    CPLR 7506(d) provides:

> Representation by attorney. A party has the right to be represented by an attorney and may claim such right at any time as to any part of the arbitration or hearings which have not taken place. <u>This right may not be waived.</u> If a party is represented by an attorney, <u>papers to be served on the party *shall* be served upon his attorney.</u>

(Emphasis supplied.)

      49.    As set forth above, the School's counsel entered an appearance with the

OCA on January 30, 2007 when the parties appeared for the first arbitration hearing. However,

the OCA failed and refused to provide the School's counsel with notice of dates on which the

hearing was scheduled to resume, notwithstanding that, on information and belief, such dates

were provided to the Union's counsel. Accordingly, the Award must be vacated for this reason

alone.

      50.    Arbitrator Levine committed misconduct by refusing to adjourn the

hearing and coercing the School's witness to put on the School's case without the assistance of

counsel.

      51.    Arbitrator Levine's misconduct was prejudicial to the School. The

School's witness did not have an adequate opportunity to present evidence and to cross-examine

witnesses, resulting in the failure of the Arbitrator to hear pertinent and material evidence.

      52.    Because Arbitrator Levine coerced the School's witness to proceed at the

hearing without the School's counsel present, after which an Award was entered in the Union's

favor, the Award must be vacated for this reason as well.

53.    The Award has not been vacated or modified by order of any court of competent jurisdiction and is still in full force and effect.

54.    No prior application for the relief requested herein has been made to this or any court.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Petitioner respectfully requests that this Court:

A.    pursuant to CPLR 7506(d) and 7511(b)(1)(i), (ii) and (iv), vacate and set aside the arbitration award at issue herein;

B.    pursuant to CPLR 7511(b)(1)(i), find that Arbitrator Levine engaged in misconduct as evidenced by her conduct at the hearing and in issuing the award;

C.    award Petitioner its attorneys' fees, costs and disbursements incurred in connection with this proceeding; and

D.    grant Petitioner such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
       June 12, 2007

EPSTEIN BECKER & GREEN, P.C.

By: _____
       James S. Frank
       J. William Cook
       *Attorneys for Petitioner*
       250 Park Avenue
       New York, New York  10177-1211
       (212) 351-4500

11

<u>VERIFICATION</u>

STATE OF NEW YORK     )
                          ) ss.:
COUNTY OF KINGS       )

       Anthony Smith, being duly sworn, says:

       I am the Director of Buildings and Grounds for Saint Ann's School, Petitioner in

this proceeding, and I have read the foregoing Petition to Vacate an Arbitration Award and the

file maintained by Petitioner, and note the contents thereof. The same is true to my own

knowledge, except as to the matters therein stated to be alleged upon information and belief, and

as to those matters, I believe them to be true.

                                          _____
                                          ANTHONY SMITH

Sworn to before me this
12th day of June, 2007

_____
Notary Public

**GAIL BROUSAL**
**NOTARY PUBLIC, State of New York**
No. 4629567
Qualified in Kings County
**Commission Expires May 31, 20** _10_

12