# EXHIBIT 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ST. ANN'S SCHOOL,

                       Petitioner,

           - against -

MICHAEL FISHMAN, PRESIDENT, LOCAL 32BJ,
SERVICE EMPLOYEES INTERNATIONAL UNION,

                      Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Index No.: 108221\07

**AFFIDAVIT IN SUPPORT
OF PETITION TO
VACATE AN
<u>ARBITRATION AWARD</u>**

STATE OF NEW YORK    )
                            )  ss.:
COUNTY OF KINGS     )

      **ANTHONY SMITH,** being duly sworn, deposes and says:

         1.     I am the Director of Buildings and Grounds for petitioner Saint Ann's

School ("Petitioner" or the "School").  I submit this affidavit in support of Petitioner's

application to vacate the arbitration award rendered on May 1, 2007 by Arbitrator Marilyn M.

Levine ("Award"), of the Office of the Contract Arbitrator (the "OCA"), on the grounds that the

Arbitrator engaged in misconduct by denying Petitioner its statutory right to legal counsel.  (A

copy of the Award is annexed hereto as Exhibit A.)  I have personal knowledge of the facts set

forth below, unless stated to be on information and belief.

         2.     On April 11, 2007, I appeared before Arbitrator Levine to request an

adjournment of the hearing which had been scheduled by the OCA without notice to the School's

counsel, James S. Frank, Esq.  Mr. Frank was not present as a result of a conflicting professional

engagement.  My only purpose in appearing before Arbitrator Levine on April 11, 2007 was to

request an adjournment of the hearing.  Arbitrator Levine refused to grant the School an

adjournment. I strenuously objected to proceeding with the arbitration without the presence of counsel. She stated to me that if I did not participate in the arbitration, she would enter a default judgment against the School and would find for the Union. In an effort to conceal her misconduct, Arbitrator Levine falsely stated in the Award that I *allegedly* indicated that "although [I] would prefer to have [my] attorney present, [I] was prepared to present [Petitioner's] case." (Ex. A, Award at 5.) Contrary to this misrepresentation by the Arbitrator, after being coerced to proceed without my counsel, I stated that I was going forward without the School's attorney "under duress." At that time, I believed I had no other choice, as the subject of a default was raised by the Arbitrator. I believe that the School was greatly prejudiced by not having its counsel present. The Award should be vacated.

## BACKGROUND

### The Parties and the Collective Bargaining Agreement

3.      Petitioner is a private coeducational school located at 129 Pierrepont Street in Brooklyn, New York 11201.

4.      Respondent, Michael Fishman, is President of the Service Employees International Union, Local 32BJ (the "Union"), with an office located at 101 Avenue of the Americas, New York, New York 10013. The Union is a labor organization that represents some of the School's maintenance employees.

5.      The School and the Union are parties to a collective bargaining agreement which was entered into on October 12, 2006 (the "Agreement"). (Exhibit B.) The Agreement provides for arbitration of disputes arising between the School and the Union. The Agreement designates the OCA as arbitrator for the resolution of such disputes. (Agreement, Article V.)

Upon information and belief, the OCA maintains an office at 50 West 23rd Street, New York, New York 10010.

**Employee Anthony Rodriguez, His Failure to**
**Report to Work, and His November 21, 2006 Termination**

6.    Anthony Rodriguez, a member of the Union, was employed by the School for approximately three years. While employed by the School, there were several incidents of Mr. Rodriguez engaging in threatening behavior toward other employees. His threatening behavior resulted in his termination on September 29, 2006.

7.    Mr. Rodriguez then filed a grievance with the Union. In early October 2006, I was contacted by Union Business Agent, Gordon Olekanma. On October 13, 2006, we discussed the Union's grievance regarding Mr. Rodriguez's termination. Mr. Olekanma represented to me that Mr. Rodriguez was willing to cease his inappropriate behavior, and to conform to all School policies if the School would give him one more chance.

8.    Based on the Union's assurances, on November 9, 2006, the School agreed to reinstate Mr. Rodriguez's employment effective Monday, November 13, 2006. Mr. Olekanma, on behalf of Mr. Rodriguez, confirmed that Mr. Rodriguez agreed to comply with the School's rules and regulations, that he would not engage in any insubordinate behavior or conduct detrimental or disruptive to the School environment, and that he would appear for work on November 13, 2006.

9.    On November 13, 2006, Mr. Rodriguez did not appear for work. Mr. Rodriguez did not appear for work on any day that week, and did not contact the School to explain his absence. As a result of his failure to appear for work, the School terminated Mr. Rodriguez's employment on November 21, 2006. On November 21, 2006, I sent, by Express

Mail, letters to the Union and Mr. Rodriguez informing them of Mr. Rodriguez's termination. (Exhibit C.)

**The Union Seeks Arbitration on Behalf of Anthony Rodriguez**

10.    On Friday, December 1, 2006, Mr. Olekanma called me to say that Mr. Rodriguez had returned from a trip and wished to return to work. I responded that because he failed to report to work and I had not heard from him, his employment had been terminated on November 21, 2006. I also advised Mr. Olekanma that Mr. Rodriguez's prior position had been filled when he failed to report to work.

11.    On December 12, 2006, the Union sent a letter to the OCA seeking arbitration of the dispute. (Ex. A at p. 2.)

12.    The Union's letter to the OCA failed to state that Mr. Rodriguez had been terminated, effective November 21, 2006, when he failed to report to work pursuant to an agreement between the Union and the School which provided that he would report to work on November 13, 2006.

13.    The OCA scheduled a hearing for January 30, 2007 concerning the dispute. On January 30, the School appeared at the hearing with its counsel, and counsel entered his appearance on behalf of the School. Union counsel also appeared; but Mr. Olekanma did not. The OCA granted the Union's request to adjourn the hearing to March 22, 2007, at 9:30 a.m.

**The Arbitrator's Refusal to Grant the School an Adjournment Even Though the School's Counsel Did Not Receive Notice, Was Not Present And Was Unavailable**

14.    Notwithstanding the fact that the School was represented by counsel, and the OCA was fully aware of that fact, the OCA continued to send notice of hearing dates only to

the School, and not to counsel, as explained by the School's counsel in his accompanying affirmation. These notices were not even addressed to me.

15.    On April 9, 2007 I learned that the hearing had been unilaterally rescheduled to April 11, 2007 at 9:30 a.m. without the knowledge or consent of the School or its counsel. The School's counsel then immediately wrote to the OCA to request a postponement because he was not available on April 11 as he was engaged in another matter in Nyack, New York. Because the School's counsel could not be present on April 11, I went to the hearing to ensure that the School would not be "defaulted" and to ensure that the hearing would be adjourned.

16.    At that time, Arbitrator Levine asked me if the School was ready to proceed with the hearing. I answered no. I was without the School's attorney, who was in Nyack and not available. I also made it clear to the Arbitrator that notice of the April 11th hearing date had not been sent to my counsel and I only recently learned of the hearing date.

17.    The Union objected to the School's request for an adjournment of the hearing, presumably to obtain some kind of untoward advantage at the hearing, knowing full well that the School's counsel was not present and that I, as the School's witness, did not wish to proceed without counsel present.

18.    The Arbitrator refused to adjourn the hearing, even though the School's counsel was not present. The Union's counsel argued that the Agreement between the School and the Union does not require the School to have counsel, to which the Arbitrator replied "[but] counsel has appeared on behalf of the School."

19.    I then stated that I needed to call the School's counsel. I attempted to reach counsel, but was unsuccessful.

20.    I went back into the hearing, explained that I could not reach counsel, and that if the hearing proceeded, I would be at a disadvantage without counsel present. Even though Arbitrator Levine was cognizant that counsel had appeared on behalf of the School and rejected the Union's contention that the parties' Agreement somehow dispensed with the necessity of counsel for one of the parties being present, she stated to me that if I did not go forward with the arbitration, she would enter a default judgment against the School and would find for the Union.

21.    In an opening statement, I reiterated that I did not wish to proceed without the School's counsel, and that I was going forward only because I felt I had no other choice.

22.    I attempted, unsuccessfully, to present evidence that Mr. Rodriguez's employment had been terminated on November 21, 2006 as a result of his failure to show up for work on November 13, 2006 or any other day, and to contact the School concerning his absence. I felt totally overwhelmed by the proceedings; I am not surprised given that I am not an attorney, the School's counsel was not present, and the Union's counsel was present. Matters were exacerbated by what I believed was untruthful testimony given by Mr. Olekanma and Mr. Rodriguez. I was not able to cross-examine them.

23.    I believe I was unable to ever really bring out the School's position on these matters because the School's counsel was not present.

**The Arbitration Award**

24.    Arbitrator Levine issued an Award, dated May 1, 2007, in favor of the Union. (See Ex. A.)

25.    In the Award, Arbitrator Levine deliberately – and falsely – tried to counter my claim that she had prejudiced the School's rights. Her attempt is clearly improper, and her conduct is unbecoming an Arbitrator and violates her oath of Office.

26.     At no time did I say that "although [I] would prefer to have [my] counsel present, [I] was prepared to present [the School's] case." (Award at p. 5.) To the contrary, I stated that I believed I was being forced to proceed with the arbitration, desired to have the School's counsel present, and was proceeding "under duress."

27.     Arbitrator Levine also falsely stated that "[a]t the hearing, full opportunity was afforded to the parties to present evidence and argument, and to examine and cross-examine witnesses." (Award at p. 6.) She also falsely stated that "[a]t the conclusion of the hearing, the parties indicated that they had presented their respective cases in full." (Award at p. 6.)

28.     I did not state at any time that I had "full[y]" presented the School's case.

29.     I did not have a full opportunity to present evidence and argument, and to examine and cross-examine witnesses. I am not an attorney; that is why the School retained counsel to represent it in these proceedings. I made it clear during the hearing that the School wanted its counsel present.

30.     Arbitrator Levine's refusal to adjourn the hearing also impacted her understanding of the underlying dispute. She states in the Award that "[t]he fact that the [School] reached out in an unsuccessful effort to reinstate the Grievant is an indication that the [School] was not adverse to reinstatement." (Award at p. 9.) This is not true. Rather, because Mr. Rodriguez failed to show up for work on November 13, 2006, failed to show up at any other time that week, and failed to contact the School to explain his absence, he was terminated on November 21, 2006. (See Exhibit C.)

31.    Arbitrator Levine deprived the School of its right to counsel.  Therefore, the Award should be vacated.

_____
Anthony Smith

Sworn to before me this
12th day of June, 2007

_____
Notary Public
        GAIL BROUSAL
NOTARY PUBLIC, State of New York
           No. 4629567
    Qualified in Kings County
Commission Expires May 31, 20 / 0

8

Exhibit A

- - - - - - - - - - - - - - - - - - - - - - · - - X

In the Matter of the Arbitration between

MICHAEL FISHMAN, PRESIDENT, LOCAL 32BJ,          OPINION AND AWARD
SERVICE EMPLOYEES INTERNATIONAL UNION            Case # 24285

                    - and -

ST. ANN'S SCHOOL

- - - - - - - - - - - - - - - - - - - - - - X

APPEARANCES:
For the Union:              Lia Fiol-Matta, Esq.
                            Associate General Counsel

                            Gordon Olekamna, Business Agent

For the Employer:           James Frank, Esq.
                            Tony Smith, Director, Buildings and Grounds

Employee:                   Anthony Rodriguez, Grievant
                            Louis Salvador, Witness

Premises:                   129 Pierrepont Street

            - - - - - - - - - - - - - - - - - -

    A   dispute   having   arisen   between   ST.   ANN'S   SCHOOL
(hereinafter referred to as the "Employer"), and Local 32BJ,
Service Employees International Union (hereinafter referred to
as the "Union"), concerning property at 129 Pierrepont Street,
the same was submitted to the undersigned for Arbitration and
Award pursuant to the pertinent provisions of the then current
Collective Bargaining Agreement between the parties at hearings
scheduled for January 30, March 22, and April 11, 2007.

In a letter to the Office of the Contract Arbitrator dated December 12, 2006 the Union alleged the following complaint on behalf of Anthony Rodriguez ("Grievant"), and the same was by mutual consent of the parties submitted to the Undersigned for adjudication and Award.

> "The above member, employed at the above building as a porter for three, years, claims he was unjustly sent home on September 5, 2006 and was unjustly suspended pending investigation effective September 29, 2006.
>
> We are claiming reinstatement to his prior position with full back pay, benefits, seniority and contributions to the benefit funds lost by his unjust termination."

The undersigned contract arbitrator was scheduled to hear and determine the issue(s) in the instant matter on April 11, 2007 at 9:30 AM.

At that time, Director of Buildings and Grounds Anthony Smith appeared on behalf of the Employer and requested an adjournment.   He explained that the Employer Attorney, James S. Frank, Esq., was in contract negotiations at Nyack Hospital, and could not be present.

The Union objected vigorously to any further delay, and offered in evidence a letter dated April 9, 2007 from Union

2

Associate General Counsel Lia Fiol-Matta, to Mr. Frank, which reads in pertinent part, as follows:

James S. Frank, Esq.
Epstein, Becker & Green, P.C.
250 Park Avenue
New York, New York 10177

Dear Mr. Frank:

This is in response to your letter dated today to Dawn Cervi at the Office of the Contract Arbitrator ("OCA") objecting to the Notice of Adjournment setting a new date for the arbitration hearing of the above-referenced matter to April 11, 2007 at 9:30AM. Please be advised that your client must notify you of hearing dates; it is neither the Union's nor the Contract Arbitrator's Office's responsibility to do so.

The collective bargaining agreement contains no provision establishing the lack of notice to Employers Counsel is grounds for an adjournment. This courtesy was extended to you regarding the hearing date of March 22, 2007 (copies of notices to Employer enclosed). The Union agrees to a new hearing dated based upon the representation that you were unavailable on that date, despite St. Ann's School having received timely notice. The Office of the Contract Arbitrator, which sets the arbitration calendar, scheduled the hearing for April 11 at 9:30 and proper notice was sent to your client (enclosed). This notice was received on March 29, 2007 as evidenced in the certified mail receipt (copy enclosed). Please note the agreement between the parties does NOT require that notice be mailed by certified mail. "Due written notice" as define in the contract means, "mailing, faxing or hand delivery" (See 2006 Apartment House Agreement, Article V). It is OCA's practice, though, whenever possible, to send such notices via certified mail to clarify disputes such as the present one.

On March 20, 2007, two days prior to the last hearing date, you wrote to Dawn Cervi objecting to the Notice of Adjournment (enclosed) and again, today, two days prior to the next hearing date, you do the same (enclosed). The Union does not consent to this request and will appear before the Arbitrator on April 11, 2007 at 9:30.

Sincerely,

Lia Fiol-Matta
Associate General Counsel

Enclosure
Cc: Office of the Contract Arbitrator

3

The letters from Mr. Frank to Dawn E. Cervi, Administrator,

Office of the Contract Arbitrator dated April 9, 2007 and March

20, 2007, read in pertinent part, as follows:

                                        April 9, 2007

VIA FACSIMILE

Ms. Dawn E. Cervi
Administrator
Office of the Contract Arbitrator
50 West 23rd Street
New York, New York  10010

Re:  In the matter of the Arbitration between
     Local 32BJ, SEIU and St. Ann's School

Dear Ms. Cervi:

On behalf of our client, St. Ann's School, we are writing to
object to the Notice of Adjournment unilaterally rescheduling the
above-referenced matter to April 11, 2007.  We request that the
matter be rescheduled to a mutually agreeable time for all
parties.

Please call at the above number so we can agree upon a date for
the arbitration.

Thank you very much.

                                Very truly yours,

                                James S. Frank

JSF/cv

Cc: Lia Fiol-Matta, Esq.

April 9, 2007

VIA FACSIMILE

Ms. Dawn E. Cervi
Administrator
Office of the Contract Arbitrator
50 West 23rd Street
New York, New York  10010

Re:  In the matter of the Arbitration between
     Local 32BJ, SEIU and St. Ann's School

Dear Ms. Cervi:
On behalf of our client, St. Ann's School, we are writing to

4

object to the Notice of Adjournment which changed the hearing
time for the above-referenced arbitration without prior
consultation with the undersigned employer's counsel.
Unfortunately, I have a conflicting engagement in Court fo rhte
afternoon of March 22 which requires the rescheduling of the
Arbitration.    Accordingly, we request that the arbitration
hearing be rescheduled to a mutually convenient date.

Thank you for your cooperation.

                              Very truly yours,

                              James S. Frank

JSF/cv

cc: Lia Fiol-Matta, Esq.


    The file reflects that this case was first set down for the

Hearing on January 30, 2007,

    Both sides appeared with their Attorneys and an

unsuccessful effort was made to resolve the dispute.  The Union

Delegate had an emergency, and the ca e was adjourned.

    At that time, the parties had selected March 22, 2007 at

9:30 AM for the next Hearing date.

    Mr. Smith indicated that although he would prefer to have

his attorney present, he was prepared to present his case.

    The undersigned noted that the reason for the Employer's

Attorney's failure to appear for the instant Hearing was neither

a Court appearance nor an emergency situation, which would

warrant an adjournment.

    The undersigned also noted that the Grievant was terminated

5

from his position as porter effective September 29, 2006, more than six (6) months ago.

Therefore, it was determined that, on balance, it was important that the case be heard, and the request for further adjournment was denied.

At the Hearing, full opportunity was afforded to the parties to present evidence and argument, and to examine and cross-examine witnesses. Witnesses were duly sworn.

At the conclusion of the Hearing, the parties indicated that they had presented their respective cases in full.

<u>ISSUE</u>

Whether there was just cause for the discharge.
If not, what shall be the remedy?

**<u>FINDINGS</u>**

The following findings are not in dispute and/or are based upon the substantial evidence in this case:

1.  Grievant Anthony Rodriguez had been employed as a porter for three (3) years at St. Ann's School, 129 Pierrepont Street, Brooklyn, New York 11201 at the time of his termination effective September 29, 2006.

6

The letter of termination dated October 5, 2006
from Director of Buildings and Grounds Anthony Smith
to the Grievant (Union Exh.2) reads, in pertinent
part, as follows:

> This letter is to confirm our conversation of September 29th 2006
> at 3PM, the subject of which was the termination of your
> employment at Saint Ann's School. As we discussed at that time
> your employment has been terminated for continued violations of
> Saint Ann's School's *Policy of Professionalism of Building Staff*.
>
> You will be paid through the end of your September 29th shift on
> **October 6th**. Any unused sick days and/or vacation **days will be
> forwarded** to you the week of October 9th.

2.   The reason given for the termination was alleged
derogatory remarks made by the Grievant threatening a
supervisor.

3.   Subsequently, efforts were made by the Employer to
reach out to the Grievant to restore him to his
position; but when the efforts appeared to be
unsuccessful, the Employer believed the Grievant had
abandoned his position, and therefore hired another
individual to fill the position.

However, Grievant had been discharged and
therefore had no job to abandon.

**EMPLOYER POSITION**

The Employer argues that there was just cause for the

7

discharge.

The Employer contends that the Grievant was terminated "for continued violations of Saint Ann's School's *Policy of Professionalism of Building Staff*."

The Employer further maintains that when it reached out to the Union in an effort to resolve the dispute, the Grievant was out of town, and the Employer therefore assumed the Grievant had abandoned his position.

## UNION POSITON

The Union argues that there was not just cause for the discharge.

The Grievant was terminated based on hearsay that he was alleged to have threatened a supervisor.

Grievant was never offered the opportunity to confront his accuser, and was never provided with any particulars of his alleged misconduct.

The Grievant had been discharged and therefore was unemployed.  He could not abandon a job he did not have.

The Union maintains that based on the foregoing, the grievance should be sustained.

## OPINION

8

The facts necessary for a determination in this case are not in dispute.

Although a discussion was held with the Grievant, he was not offered the opportunity to confront his accuser. The Employer relied on hearsay derogatory remarks about a supervisor allegedly made by the Grievant.

The fact that the Employer reached out in an unsuccessful effort to reinstate the Grievant is an indication that the Employer was not adverse to reinstatement.

Based upon the foregoing, I find that there was not just cause for the discharge.

Grievant had been told that he was discharged.

Therefore, he did not have a job, and could not abandon a position he no longer had.

Accordingly, the following Award is rendered:

## AWARD

1. Grievant shall be reinstated forthwith to his former position with seniority intact.

2. Grievant shall be paid three (3) weeks' back pay.

3. The remainder of the grievance is denied, based upon Grievant's unavailability for work while he was out of

state.

DATE: May 1, 200                    _Marilyn M. Levine_
                                    MARILYN M. LEVINE
                                    Contract Arbitrator


STATE OF NEW YORK:
                    SS:
COUNTY OF NEW YORK:

I hereby affirm pursuant to CPLR Sec. 7507 that I am the
individual described in and who executed this instrument which
is my Award.


DATE: May 1, 2007                   _Marilyn M. Levine_
                                    MARILYN M. LEVINE
                                    Contract Arbitrator

10

Exhibit B